**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **JERRY ZORNES** | **CIVIL ACTION NO. 09-1040-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Jerry Zornes ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on June 18, 2009. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Burl Cain as respondent.

On October 22, 1999, Petitioner was convicted of one count of aggravated rape of his six-year-old daughter in Louisiana's First Judicial District Court, Parish of Caddo. On November 17, 1999, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) the state courts erred in denying his motion to vacate and failed to conduct an evidentiary hearing, (2) the State withheld Brady evidence which included DNA and the victim's first statement, (3) he was denied the right to cross examine Dr. Horn, (4) the assistant district attorney mislead the jury during his opening and closing statements, and (5) he was denied the right to a speedy trial.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 22, 1999 and sentenced on November 17, 1999. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on December 6, 2000. State v. Zornes, (La. App. 2 Cir. 12/6/00), 774 So.2d 1062, 34,070-KA. The Supreme Court of Louisiana granted Petitioner's writ application in part and remanded the matter to the Louisiana Second Circuit Court of Appeal "for reconsideration of defendant's assignment of error number two, challenging the trial court's ruling which permitted evidence at trial of (defendant's) sexually assaultive behavior with another minor victim and member of his family, in light of State v. Kennedy, 00-1554 (La. 4/3/01), 803 So.2d 916. State v. Zornes, 01-112 (La. 01/21/01), 801 So.2d 916. The Louisiana Second

Circuit Court of Appeal reconsidered the issue and affirmed the conviction. State v. Zornes, 814 So.2d 113, 34070 (La. App. 2 Cir. 4/3/02). The Supreme Court of Louisiana denied Petitioner's writ application. State v. Zornes, 831 So.2d 269, 2002-1280 (La. 11/27/02). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after November 27, 2002 on February 25, 2003.

The federal petition currently before the Court was filed in this Court on June 18, 2009 and signed on June 15, 2009. Since the federal clock began ticking on February 25, 2003, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before February 25, 2004. This petition was not filed until June 2009 at the earliest, more than five years too late.

In addition, the post-conviction proceeding (motion to vacate) initiated by Petitioner in April 2008 does not serve to toll the one-year limitation period, as it was not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied reconsideration on May 15, 2009. State ex rel. Zornes v. State, 2008-1985 (La. 5/15/09), 8 So.3d 578. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.

Petitioner did not file the application for post-conviction proceedings (motion to vacate) until April 2008, after the limitation period had already expired in February 2004.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual

findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of August, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE